IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TAMMY ROSS,

                Plaintiff,

  v.                                                         OPINION & ORDER

NANCY BERRYHILL,                                        18-cv-215-jdp
Acting Commissioner of Social Security,

                Defendant.

---

Plaintiff Tammy Ross seeks judicial review of a final decision of defendant Nancy Berryhill, Acting Commissioner of the Social Security Administration, finding Ross not disabled within the meaning of the Social Security Act. The administrate law judge (ALJ) concluded that Ross suffered from epicondylitis, chronic obstructive pulmonary disease, cervical degenerative disc disease, and myofascial pain syndrome, but that she retained the capacity to perform work that would require her to stand or walk for up to six hours a day and lift as much as 20 pounds. The ALJ noted the examples of cashier, office helper, and operator.

On appeal, Ross says that the ALJ erred by failing to develop the record adequately, ignoring evidence, and conducting a faulty credibility analysis.[1] The case is scheduled for an oral argument on November 9, 2018, but the court concludes that no oral argument is needed in light of the relatively straightforward nature of the claim. For the reasons discussed below,

---

[1] Ross also states several times in her opening brief that the ALJ failed to adequately account for her "somatoform disorder." Dkt. 11, at 5, 12, and 15. But after the Commissioner observed in her opposition brief that the record includes no evidence of a somatoform disorder, Ross dropped the issue in her reply brief. The court construes Ross's silence in her reply brief as a concession that she misspoke in her opening brief.

the court agrees with Ross's first two arguments and will remand the case for further proceedings.

ANALYSIS

A. Developing the record

The key problem with the ALJ's decision in this case is that much of it consists of the ALJ's own interpretation of the medical records. That is, she conducted her own medical analysis of Ross's health conditions without relying on the opinions of any treating physicians or other medical experts. By doing this, the ALJ violated a basic rule that the court of appeals has applied many times: ALJs are required to rely on expert opinions instead of "playing doctor" by determining the significance of particular medical findings themselves. *Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016). *See also Goins v. Colvin,* 764 F.3d 677, 680 (7th Cir. 2014) ("[P]laying doctor [is] a clear no no, as we've noted on numerous occasions.").

At the end of her decision, the ALJ briefly mentions the opinions of the state agency medical consultants. But she calls those opinions "stale" because they did not consider newer evidence, including Ross's medical records related to her myofascial pain, **R. 24**, which Ross testified was the condition that "affects [her] most," **R. 45**. Although the ALJ stated that she gave "partial weight" to the agency opinions, she did not provide any further explanation. *Id.* The ALJ also noted a "medical source statement" that limited Ross to working 20 hours a week, but the ALJ "gave very little deference" to the statement because it was not adequately supported. **R. 23**.

If the ALJ believed that the opinions in the record were not adequate, she should have asked for additional medical evaluations. *Scott v. Astrue*, 647 F.3d 734, 740–41 (7th Cir. 2011).

2

Particularly in cases like this one in which the plaintiff was not represented by counsel at the administrative level, the ALJ has a duty to develop the record. *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009); *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994).

**B. Ignoring evidence**

A second problem is that the ALJ failed to discuss evidence that supported Ross's claim. The ALJ may not cherry pick the record or ignore the evidence that is inconsistent with her conclusions. *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014).

For example, when discussing medical records from one of Ross's treating physicians, Heather Curtiss, the ALJ summarized them as showing no problems. **R. 22**. But the ALJ ignored the records Ross cites, in which Curtiss noted that Ross was suffering from "significant muscle spasm," **R. 626**; "worsening pain," **R. 995**; numbness and tingling in her right hand, **R. 1000**; "stabbing pain" in her right shoulder, **R. 1044**; a "severe increase in pain," **R. 764**; and myofascial pain that had become "significantly worse" in her neck and upper back, **R. 752**.

The ALJ also ignored a statement from another physician that Ross should "[a]void repetitive gripping, grasping, lifting, carrying, pushing, pulling." **R. 616**. That statement is inconsistent with the ALJ's residual functional capacity assessment, which did not include those limitations.[2]

Finally, when summarizing Ross's testimony, the ALJ ignored Ross's alleged limitations in handling and fingering, including that she had difficulty dressing herself and could not use a keyboard for more than three or four minutes before her fingers cramped up. **R. 75**. That

---

[2] The ALJ concluded that Ross could perform "light work," which may include lifting up to 20 pounds and walking or standing for up to six hours in an eight-hour work day. 20 C.F.R. § 416.967; *Murphy v. Colvin*, 759 F.3d 811, 818 (7th Cir. 2014). The ALJ imposed additional limitations related to climbing, balancing, stooping, kneeling, and reaching. **R. 19**.

3

allegation is particularly relevant to the ALJ's conclusion that Ross could work as a cashier, officer helper, or operator.

On remand, the ALJ must address the evidence that she ignored.

## C. Credibility

Ross also challenges the ALJ's credibility assessment. The most obvious mistake is that the ALJ observed twice that Ross's claim of disability was undermined by the fact that she was working as many as 39 hours a week. **R. 21, 23**. The commissioner concedes that the record does not support the ALJ's statement. Dkt. 13, at 13 n.7. Rather, the testimony cited by the ALJ states that Ross worked part time years earlier in an office and a library before quitting when the physical demands became too much for her. **R. 44–45**.

The ALJ also wrote that Ross "was able to carry wood for her wood-burning fireplace," even though she claimed "an almost complete inability to lift anything." **R. 21**. But the quoted statement was that Ross "put wood in the wood burner." **R. 530**. She did not say that she was carrying logs or otherwise indicate the size or weight of the pieces of wood she was carrying. And the ALJ did not cite any particular statements from Ross that would be inconsistent with an ability to simply load a wood-burning stove. In any event, the court of appeals has "criticized casual inferences of ability to engage in gainful employment from ability to perform simple household chores." *Price v. Colvin*, 794 F.3d 836, 840 (7th Cir. 2015).

Next, Ross challenges the ALJ's statement that Ross had "significant grip strength" despite "claims of very poor grip." **R. 21**. The record the ALJ cited says that Ross's grip strength was "21.8# on the (L) and 54# on the (R)." **R. 518**. That may be "significant," but the cited record does not characterize it as such and the ALJ did not otherwise provide any medical support for her conclusion. Again, the ALJ may not "play doctor."

4

Finally, Ross challenges the ALJ's reliance on a statement to a health-care provider that she felt "pretty good" on that day, but she didn't want her medical records to reflect that because it would "mess up her disability." **R. 518**. As an initial matter, Ross says that the ALJ was required to "solicit an explanation" from her at the hearing before using the statement against her. Dkt. 11, at 19. But the case law she cites stands for the unremarkable proposition that the ALJ must allow a claimant to clarify ambiguous statements or conduct. *Stage*, 812 F.3d at 1126 (ALJ should have inquired whether claimant chose not to have surgery because it was "invasive and expensive"); *Engstrand v. Colvin*, 788 F.3d 655, 661 (7th Cir. 2015) (ALJ should have inquired why claimant was not taking her medication in light of other evidence that she could not afford the medication and the side effects were "intolerable"); *Beardsley v. Colvin*, 758 F.3d 834, 838 (7th Cir. 2014) (ALJ should not have relied on inconsistencies in the claimant's statement on "trivial matters," such as how often claimant went outside, without allowing her to explain the "supposed contradictions"). In this case, Ross does not explain how she would clarify her statement, so the cases she cites do not apply.

Ross also says that the ALJ "misstated the record" because the actual statement was that "she felt good because she had slept on the couch the previous night." Dkt. 11, at 20. Dkt. 11, at 20. That is incorrect as well. The record quotes Ross as saying that "she feels 'pretty good' *despite* sleeping on the loveseat last night." **R. 518** (emphasis added). Regardless, the important part of the statement is not the reason Ross says she felt better, but the fact that she wanted to exclude accurate information that would undermine her disability claim. Ross does not deny that an attempt to hide information is probative of her credibility. The ALJ did not commit an error by considering Ross's statement.

5

The ALJ also questioned Ross's credibility on many other grounds that Ross does not discuss in her briefs. The ALJ made three errors in assessing Ross's credibility, but it is not clear that, on the whole, the credibility assessment alone would require a remand. But the court need not decide the issue because the case will be remanded for other reasons discussed above. On remand, the ALJ should at least correct the errors identified in this opinion.

**D. Conclusion**

The ALJ erred by making medical determinations without the assistance of an expert, disregarding evidence that supported Ross's claim, and putting too much emphasis on certain statements in the record. On remand, the ALJ should: (1) obtain updated medical opinions; (2) consider the evidence overlooked in the original decision; and (3) reconsider Ross's credibility in light of the problems discussed in this order.

ORDER

IT IS ORDERED that the decision of defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, denying plaintiff Tammy Ross's application for disability insurance benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The November 9, 2018 oral argument is CANCELED as unnecessary.

Entered October 1, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge